THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JO ELLEN TOWRY, Individually, and § <br> As Representative of the Estate of § <br> JOHN E. TOWRY, Deceased, § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> THE UNITED STATES OF AMERICA, § <br> § <br> Defendant. § | CIVIL NO. SA 17-CV 509 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. Now comes, JO ELLEN TOWRY, Individually, and as Representative of the Estate of JOHN E. TOWRY, Deceased, hereinafter referred to as Plaintiff in the above styled and numbered cause, complaining of the UNITED STATES OF AMERICA, hereinafter referred to as Defendant, and for cause of action would respectfully show unto the Court as follows:

### JURISDICTION

2. Jurisdiction in this case is founded on the Federal Tort Claims Act, Title 28 U.S.C. §1346(b), and 28 U.S.C. §1367. The amount in controversy exceeds the sum of $100,000.00, exclusive of interest, costs, and attorney's fees.

### VENUE

3. Plaintiff, JO ELLEN TOWRY is a resident/citizen of Spring Branch, Texas.

4. Each of the relevant acts complained of occurred in San Antonio, Bexar County, Texas, within the San Antonio Division of the United States District Court for the Western District of Texas.

## ADMINISTRATIVE CLAIMS

5.      Plaintiffs, JO ELLEN TOWRY, Individually and As Representative of the Estate of JOHN E. TOWRY, Deceased, has filed her original Claims for Damages with the Department of the Army, Brooke Army Medical Center, Fort Sam Houston, Texas, which was received by the Department of the Army April 27, 2016, more than six (6) months prior to the filing of this Original Complaint.  The Department of the Army has not denied the Plaintiff's claims; however, the investigative six (6) month period has expired as of October 27, 2016.

## SERVICE

6.      Service of citation may be had upon the Defendant, UNITED STATES OF AMERICA, by serving its agent, Richard L. Durbin, Acting United States Attorney for the Western District of Texas, at his office located at 601 NW Loop 410, San Antonio, Bexar County, Texas 78216, and by sending a true and correct copy of this Complaint by Certified Mail, Restricted Delivery, to The Honorable Jeff Sessions, Attorney General of the United States, The Department of Justice, 10th and Constitution N.W., Room B-112, Washington, D.C. 20530

## AGENCY

7.      The Defendant, UNITED STATES OF AMERICA, acting by and through its agents, servants and/or employees of the Department the Army, owns and operates the Brooke Army Medical Center located at Fort Sam Houston, Bexar County, Texas.  Said facility provides healthcare services for persons such as JOHN E. TOWRY.

## FACTUAL BACKGROUND

8.      JOHN E. TOWRY was a 69 year old man who was born on July 3, 1945, and who died on May 24, 2015. MR. TOWRY suffered from chronic neck pain. In 2015, MR. TOWRY'S chronic neck pain was diagnosed as calcium pyrophosphate deposition disease. MR. TOWRY was admitted to the BAMC hospital in March 2015, and evaluated for a possible TIA, which was

eventually ruled out. MR. TOWRY was also evaluated by the Hematology Oncology Service at that time because of a low platelet count ranging between the 50,000's to 100,000. MR. TOWRY'S history of low platelet counts dated back to 2012. A bone marrow biopsy was contemplated, but never performed. His physicians concluded that MR. TOWRY had normal platelets. A conclusion made without reliable evidentiary medical support.

9. Despite anti-inflammatory injections and anti-neuropathic pills, MR. TOWRY continued to suffer with severe pain. On March 25, 2015, MR. TOWRY was administered an injection of Anakinra, an interleukin-1 receptor antagonist, which was well known to predispose MR. TOWRY to life threatening infections and cancers, such as hematologic malignancies. Following the Anakinra injections, MR. TOWRY did get some temporary pain relief. By April, MR. TOWRY was receiving this medication daily. By April 9, 2015, MR. TOWRY had experienced a decline in his energy, and unintentional weight loss. By this time MR. TOWRY was again anemic, continued to have low platelets, and his pain had returned. MR. TOWRY continued on the Anakinra, and eventually developed fevers with a sedimentation rate of 93. By May 18, 2015, MR. TOWRY was back in the hospital. On May 21, 2015, the physicians on the BAMC Hematology Service observed 4-7% myeloblasts in a peripheral smear, and platelets of only 33,000. MR. TOWRY continued to rapidly deteriorate, and eventually became critically ill by May 23, 2015. MR. TOWRY was transfused with red blood cells, and given platelets as his hemoglobin fell to 6.8. By May 24, 2015, MR. TOWRY required intubation, and had become hemodynamically unstable. MR. TOWRY died on May 24, 2015.

### NEGLIGENT ACTS AND/OR OMISSIONS

10. Plaintiffs, JO ELLEN TOWRY, Individually and as Representative of the Estate of JOHN E. TOWRY, Deceased, would show that the Defendant, UNITED STATES OF AMERICA, acting by and through its agents, servants and/or employees at Brooke Army

Medical Center, was negligent in the healthcare and treatment provided to JOHN E. TOWRY, and that such negligence was a direct and proximate cause of his death and the injuries and damages suffered by the Plaintiffs herein. Such negligent acts and/or omissions include, but are not limited to the following:

    **(A)**    Failure to timely diagnose, refer, hospitalize, and/or treat JOHN E. TOWRY'S acute leukemia; and

    **(B)**    Failing to act as physicians and healthcare providers of ordinary prudence would have acted under the same or similar circumstances.

**11.**    Each and all of the above foregoing acts of the Defendant, both of omission and commission, were negligent and constituted negligence, and each and all were a proximate cause of the injuries and damages sustained by the Plaintiff herein.

## DAMAGES

**12.**    Plaintiff, JO ELLEN TOWRY, in her individual capacity, would show that the negligent acts and/or omissions of the Defendant were a direct and proximate cause of the injuries and damages resulting from the premature death of JOHN E. TOWRY. Plaintiff seeks to recover her pecuniary loss in the past, and the pecuniary loss that, in reasonable probability, will be sustained in the future. Plaintiff, in her individual capacity, also seeks to recover her loss of companionship and society sustained in the past, and the loss of companionship and society that, in a reasonable probability, will be sustained in the future. Plaintiff, in her individual capacity, seeks to recover her mental anguish sustained in the past, and the mental anguish that, in reasonable probability, will be sustain in the future. Plaintiff, in her individual capacity, also seeks to recover her loss of inheritance, together with all other damages allowable, pursuant to provisions of the Texas Wrongful Death Statute.

**13.**    Plaintiff, JO ELLEN TOWRY, as Representative of the JOHN E. TOWRY, Deceased, seeks to recover for his physical pain and mental anguish that he sustained between March 25,

2015 and his death on May 24, 2015. Plaintiff, JO ELLEN TOWRY, as Representative of the Estate of JOHN E. TOWRY, Deceased, also seeks to recover all medical and funeral expenses of JOHN E. TOWRY, Deceased, together with all other damages allowable, pursuant to provisions of the Texas Survival Statute.

## DAMAGE LIMITATIONS

**14.** Plaintiffs believe and allege that the damages caused by the negligent acts of omissions and/or commissions of the Defendant, has injured the Plaintiffs in an amount within the jurisdictional limits of this Court.

**15.** WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant herein be duly cited to appear and answer herein, and that upon final hearing of this suit, Plaintiffs have and recover judgment from the Defendant, in an amount within the jurisdictional limits of this Court, together with post-judgment interest as allowed by law, plus reasonable costs of Court, and for such other and further relief, both general and special, in law and equity, to which the Plaintiffs' may show themselves to be justly entitled.

Respectfully submitted,

THE LAW OFFICES OF JEFFREY C. ANDERSON
9601 McAllister Freeway, Suite 1250
San Antonio, Texas 78216
(210) 340-8880
(210) 340-8885 (FAX)
*jca@texaslawfirm.com*

BY: /s/ Jeffrey C. Anderson
JEFFREY C. ANDERSON
STATE BAR NO. 01190500
jca@texaslawfirm.com

ATTORNEY FOR PLAINTIFFS